IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TERRANCE HAMILTON, V08642,                )
                                          )
            Plaintiff(s),                 )        No. C 13-3785 CRB (PR)
                                          )
      v.                                  )        ORDER OF SERVICE
                                          )
CAL. DEP'T OF CORRECTIONS AND             )
REHABILITATION, et al.,                   )
                                          )
            Defendant(s).                 )
_____           )

        Plaintiff, a prisoner at Salinas Valley State Prison (SVSP), has filed a pro

se First Amended Complaint (FAC) under 42 U.S.C. § 1983 alleging that he was

falsely charged and found guilty of possession of a controlled substance after

prison officials planted drugs on him.  He further alleges that prison officials are

covering up the incident by failing to process and act on his inmate appeals.

                                **DISCUSSION**

A.      Standard of Review

        Federal courts must engage in a preliminary screening of cases in which

prisoners seek redress from a governmental entity or officer or employee of a

governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable

claims or dismiss the complaint, or any portion of the complaint, if the complaint

"is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b).  Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

B.    Legal Claims

It is well established that a prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest.  See Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986). As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983. Hanrahan v. Lane, 747 F.2d 1137, 1140-41 (7th Cir. 1984).

Here, plaintiff's allegations that he was falsely found guilty of possession of a controlled substance after prison officials planted drugs on him may be liberally construed as a cognizable § 1983 claim for denial of due process and will be served.  See Burnsworth v. Gunderson, 179 F.3d 771, 773-74 (9th Cir. 1999) (putting escape conviction supported by no evidence on prisoner's record violates procedural due process rights; disciplinary finding must be supported by some evidence).  The claim will be served on all named defendants because plaintiff's allegations suggest that he grieved to all named defendants, but to no avail.

Plaintiff's claim that defendants' failure to process and act on his inmate appeals constitutes a denial of his First Amendment rights to appeal and petition the government for redress will be dismissed, however.  It is well established that there is no constitutional right to a prison administrative appeal or grievance process, Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), and, although there certainly is a right to petition the government for redress of grievances, there is no right to a response or any particular action, see Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991) ("prisoner's right to petition the government for redress . . . is not compromised by the prison's refusal to entertain his grievance").  After all, the very filing of this court action makes clear that defendants' actions and/or omissions did not preclude plaintiff from exercising his right of access to the courts.

Plaintiff's claim that his placement in administrative segregation amounted to cruel and unusual punishment in violation of the Eight Amendment must be dismissed as well.  It is well established that the transfer of an inmate to less amenable and more restrictive quarters is well within the terms of confinement ordinarily contemplated by a prison sentence.  See Hewitt v. Helms, 459 U.S. 460, 468 (1983); see also Anderson v. County of Kern, 45 F.3d 1310, 1315-16 (9th Cir. 1995) (no contact with any other inmate in administrative segregation, either for exercise, day room access or otherwise not cruel and unusual punishment).

## CONCLUSION

For the foregoing reasons and for good cause shown,

1.      The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the FAC in this matter, all attachments thereto, and copies of this order on the named defendants.  The clerk

3

also shall serve a copy of this order on plaintiff.

        2.     In order to expedite the resolution of this case, the court orders as follows:

        a.     No later than 90 days from the date of this order, defendants shall serve and file a motion for summary judgment or other dispositive motion. A motion for summary judgment must be supported by adequate factual documentation and must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue.  A motion for summary judgment also must be accompanied by a Rand notice so that plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion.  Woods v. Carey, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).

If defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the court prior to the date their motion is due.  All papers filed with the court shall be served promptly on plaintiff.

        b.     Plaintiff must serve and file an opposition or statement of non-opposition to the dispositive motion not more than 28 days after the motion is served and filed.

        c.     Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any

fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.  Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

(The Rand notice above does not excuse defendants' obligation to serve said notice again concurrently with motions for summary judgment.  Woods, 684 F.3d at 935.)

d.      Defendants must serve and file a reply to an opposition not more than 14 days after the opposition is served and filed.

e.      The motion shall be deemed submitted as of the date the reply is due.  No hearing will be held on the motion unless the court so orders at a later date.

3.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

4.      All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

5

5.     It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

SO ORDERED.

DATED:  April 25, 2014

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.13\Hamilton, T.13-3785.serve.wpd

6